UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL WHITE,<br><br>         Plaintiff,<br><br>   v.<br><br>CITY OF BELLEVUE, et al.,<br><br>         Defendants. | Case No. C12-902-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

On May 22, 2012, Randall White filed a pro se 42 U.S.C. § 1983 action against the City of Bellevue revolving around criminal charges filed against him in King County Superior Court. The Court recommends **DISMISSING** the matter without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), and further recommends that if this recommendation is adopted Mr. White's motion to proceed in forma pauperis (Dkt. 5) be **STRICKEN** as moot.

**BACKGROUND**

Mr. White alleges on March 12, 2012, Bellevue Police went to his girlfriend's residence in response to a domestic violence call.  He claims that as a result of police reports filled with lies, he was charged with multiple felony offenses.  According to the on-line King County Case summary, Mr. White was charged with two counts of Assault in the Second Degree with a

REPORT AND RECOMMENDATION - 1

deadly weapon, domestic violence on March 29, 2012.[1]  As relief, he states he "would like the Court to find in his favor, fire the officers involved in lying on the police report and compensate [him] for [the] time while incarcerated and for burdening [his] family."  Dkt. 1.

After Mr. White filed his complaint, a jury found Mr. White not guilty of count one and guilty of a lesser offense in count two.[2]

## DISCUSSION

Under *Heck v. Humphrey*, a plaintiff who seeks damages on a § 1983 claim that necessarily implicates the validity of the plaintiff's conviction or sentence, must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.  *Heck,* 512 U.S. at 483–84.  Unless and until the underlying sentence or conviction is overturned, the § 1983 claim is not cognizable.

Here, Mr. White claims his arrest, prosecution, conviction, and incarceration violate his rights.  These claims are based on alleged lies by police officers.  These claims are not cognizable under § 1983 because the state court record shows Mr. White was convicted of lesser included crime in count two, a conviction which at this point has not been overturned or invalidated.

Accordingly, as Mr. White's § 1983 claims are barred under *Heck v. Humphrey*, the Court recommends the matter be **DISMISSED** without prejudice.  Additionally, as the *Heck* bar cannot be cured by amendment, the Court recommends Mr. White be denied leave to amend his

---

[1] The Court takes judicial notice that Mr. White was charged in King County Superior Court in Case Number 12-1-01688-3.  *See* King County Superior Court on-line case summary at http://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S17&casenumber=12-1-01688-3&searchtype=sName&token=0FA99B8CCEE88C3B67CCE85CC10778B8&dt=2BB4C90C2A0B76B19608EA8FCF48E972&courtClassCode=S&casekey=158926852&courtname=KING CO SUPERIOR CT (Last visited July 30, 2012).

[2] *See* on-line case summary entries 36 and 39.

REPORT AND RECOMMENDATION - 2

1  complaint. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

2  And finally, if this Report is adopted, the Court recommends Mr. White's in forma pauperis

3  application (Dkt. 5) be **STRICKEN** as moot. A proposed order is attached to this

4  Recommendation.

5      Any objections to this Recommendation must be filed no later than **August 14, 2012.**

6  The Clerk should note the matter for **August 17, 2012** as ready for the District Judge's

7  consideration. Objections should not exceed five pages. The failure to timely object may affect

8  the right to appeal. The Clerk is directed to provide a copy of this Report to Mr. White and to

9  the Honorable John C. Coughenour.

10     DATED this 31st day of July, 2012.

                                                         BRIAN A. TSUCHIDA  
                                                         United States Magistrate Judge